UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SNJ PROPERTY, LLC, | |
| Plaintiff, | Civil Action No. 3:15-CV-2473 |
| v. | (Judge Kosik) |
| MERICLE COMMERCIAL REAL ESTATE GROUP, INC. and DANIEL A. NAYLOR | |
| Defendants. | |

FILED
SCRANTON
AUG 29 2016
PER_____
DEPUTY CLERK

## Memorandum

This case comes before us for consideration of a motion to amend the Plaintiff's complaint (Doc. 19). Plaintiff, having filed a brief in support (Doc. 19, Attachment 3) and reply brief (Doc. 21), and Defendants having filed a brief in opposition (Doc. 20), this matter is now ripe for disposition. For the reasons set forth below, we will grant the motion.

### I. Background

By way of background, Paresh Patel, a New Jersey resident, purportedly on behalf of a yet to be formed limited liability company, and the named Plaintiff in this matter - SNJ Property, LLC - entered into an agreement for the sale of certain commercial real estate property located in White Haven, Pennsylvania. (Docs. 1 and 15). It appears that a franchise was intended to be built on this property. (Id). Defendants, Mericle Commercial Real Estate Group, Inc. and Daniel Naylor, are real estate brokers that served as dual agents for both the seller and buyer of the said commercial real estate property. (Id; Doc. 20, Defs' Br., at 1).

The instant complaint arises from Defendants' purported misrepresentations and/or

failures to disclose certain information regarding the commercial property. (Doc. 1). The original complaint names as Plaintiff, SNJ Property, LLC. (Doc. 1). While SNJ Property, LLC is identified as the party to the agreement of sale, the same was signed by Paresh Patel. (Doc. 1, Ex. A). Through discovery in this matter, it was discovered that Paresh Patel was to be a member of SNJ Property, LLC, however, due to the agreement of sale being terminated before closing, Paresh Patel never formed or registered SNJ Property, LLC. (Doc. 19, Ex. 3, Pltf.'s Br.; Doc. 20, Defs' Br.).

Plaintiff seeks to amend the complaint to "do nothing more than to correct the caption to clarify the identity of the named Plaintiff...." (Doc. 21, Pltf's Reply Br., at 1). Plaintiff seeks to substitute Mr. Patel as plaintiff, in place of SNJ Property, LLC, while leaving all other allegations in place. (Id). Defendants oppose Plaintiff's motion, arguing that Mr. Patel was not a party to the agreement of sale, and therefore, lacks standing to bring forth this lawsuit. We address the arguments in turn.

## II. DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed. R. Civ. P. Rule 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsible pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. Rule 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. Rule 15(a)(2).

2

It is well-established that Rule 15(a) provides this Court with discretion to grant or deny leave to amend a pleading, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)., and, in general, courts liberally permit parties to amend their pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984); Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment." Id. at 182; see also Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002). Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). A denial of leave to amend where none of these factors are present is an abuse of discretion. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., 573 F.2d at 823.

It is noted that the Defendants only challenge to Plaintiff's motion to amend is that the same would be futile for two reasons: (1) Mr. Patel was not a party to the agreement of sale and therefore cannot maintain the instant action, and (2) two other purported investors "intended" to be members of SNJ Property, and one of these "intended" members is a resident of Pennsylvania, therefore destroying diversity jurisdiction.

It is not disputed that Paresh Patel was unable to register the name SNL Property, because

3

that entity had already been created. (Docs. 19 - 21). It is also undisputed by the parties that Paresh Patel signed the agreement of sale, or that he did so on behalf of the above-captioned Plaintiff. (Doc. 20, at 3). Generally, a corporation does not exist as a legal entity until it is incorporated, and it, therefore, cannot have agents prior to its organization. 18 Am.Jur. 2d Corporations § 120 (2016). However, a promoter "is an individual who assumes to act on behalf of a corporation that is not yet in existence." Tucci v. CP Kelco ApS, Civ. No. 02-1765, 2002 WL 31261054, at *4 (E.D. Pa. 2002); In re Rothman, 204 B.R. 143, 150 (Bankr.E.D. Pa. 1996) (stating that a "promoter is a person who assumes to act on behalf of a proposed corporation which is not yet incorporated"). "When a party is acting for a proposed corporation, he cannot, of course, bind it by anything he does, at the time, but he may (1) take on its behalf an offer from the other, which being accepted after the formation of the company, becomes a contract; (2) make a contract at the time binding himself, with the stipulation or understanding, that if a company is formed it will take his place and that then he shall be relieved of responsibility; or (3) bind himself personally without more and look to the proposed company, when formed, for indemnity." Surovcik v. D & K Optical, Inc., 702, F. Supp. 1171, 1179 (M.D. Pa. 1988) citing O'Rorke v. Geary, 56 A. 541, 542 (Pa. 1903); 18 Am.Jur. 2d Corporations § 98 (2016) ("a promoter who executes a preincorporation contract in the name of a proposed corporation is himself or herself personally liable on the contract unless the parties have otherwise agreed....").

On the record before us, it is clear that Paresh Patel is an individual who was purportedly acting on behalf of a corporation that was not yet in existence. While SNJ Property, LLC was not subsequently formed by Paresh Patel, it was Paresh Patel who signed the agreement of sale. Thus, as a promoter, Paresh Patel himself remains liable and can sue and be sued on the same.

As such, there is no futility in allowing Plaintiff to amend the complaint by allowing Paresh Patel to be named as a Plaintiff.

Finally, Defendant's second and final argument, that two other purported investors, Suresh Patel and Dipen Patel, "intended" to be members of SNJ Property, and one of these "intended" members is a resident of Pennsylvania, therefore destroying diversity jurisdiction, is unavailing. As it currently stands, Paresh Patel was the only promoter relevant to this transaction. While Defendants attempt to identify Suresh Patel and Dipen Patel as "investors," there is simply no evidence on the record before this Court that they invested anything in this transaction, other than an alleged possible future interest in becoming involved. Moreover, at no time during this litigation does it appear that these other two "intended" members ever became members of any limited liability company relevant to this action. This hypothetical interest of a possible future hypothetical member simply is not enough to defeat diversity jurisdiction. Accordingly, we will deny Defendants' motion for leave to file their sur-reply brief. We will also deny Plaintiff's request to expedite as moot.

Therefore, because we do not find present any of the prescribed factors that would militate against the granting of the motion to amend in this case, we will grant Plaintiff's motion. An appropriate order follows.